McKinney, J.,
delivered the opinion of the Court.
The questions to he decided in this case arise upon the demurrer to the declaration. The declaration contains several counts, only two of which need he noticed. The first count alleges in substance that one Jayne, who carried on the business of an apothecary and druggist in the town of Nashville, became “lunatic and insane,” and so continued for more than sixty days before the time of the injury complained of; that he had on hand, besides drugs and medicines, gunpowder, camphene oil, and other combustibles, by reason whereof the lives and property of the inhabitants were greatly endangered; and that notwithstanding the mayor and aldermen had full knowledge of the premises, they took no measures to restrain or deprive him ©f the power of doing mischief to the inhabitants of the corporation; and afterwards, and during the period of his insanity as aforesaid, he set fire to and exploded a large quantity of gunpowder and other combustibles, whereby the house, which was in part occupied by the plaintiff as a family residence, was blown up, and his household property and other effects were destroyed.
The second count varies from the first in this, that it distinctly avers that the mayor and aldermen, with full knowledge at the time that said Jayne was a lunatic and insane person, granted to him a license to engage in and carry on the business of an apothecary and druggist within the limits of said corporation.
The declaration was demurred to, and on argument the demurrer was sustained.
The first count is clearly bad: it contains no ground of action. By our law, the exclusive jurisdiction of idiots, *165 lunatics, and others 'of unsound mind, is committed to the County and Chancery Courts concurrently. See acts of 1799, ch. 41; 1851-2, ch. 163. The corporation has no power to inquire into the state of mind of an alleged lunatic, or to take any measure for the arrest or confinement of such person; and, consequently, cannot he held amenable on the ground of a supposed omission of duty for not doing so. The law has enjoined no such duty on the corporation; and the attempt to have exercised such a power would have been a trespass on the part of its agents.
But the second count raises a very different question. The allegation in this count is direct and positive that the mayor and aldermen granted the license with full knowledge at the time that the applicant was an insane person. And this averment, however improbable, must be taken as true for the present determination, such being the technical effect of the demurrer.
The profession or .occupation of an apothecary or drug gist is one of the highest importance to the public; and the destruction of life — of which the instances are becoming so frequent — resulting from carelessness or un-skilfulness in this business, urgently demand that the utmost caution and vigilance should be used to see that all who are licensed to engage in it shall be possessed of the requisite skill and qualifications in every respect. A graver offence against the public, or a more culpable violation of duty, cannot well be conceived, than the act of empowering an individual, known to be utterly incompetent from any cause, to engage in a profession or occupation in its very nature so dangerous to the public safety.
The question, then, as presented by the demurrer, is *166 this: If a corporation knowingly commission by its license a madman to scatter “firebrands, arrows, and death” in the bosom of the community, is it not to be held liable for all such injuries' to individuals as may properly be regarded as the natural or probable consequences of the power thus improvidently and wrongfully granted ? We think it is. It is no ground of defence for the corporation that, by the charter of incorporation, the issuance of a license is the sole act of the recorder. He is the mere ministerial officer or agent of the corporation; and though he may be liable individually for his wrongful act, yet this does not exempt the corporation from liability.
The general doctrine is now well established, both in England and this country, that corporations are liable for the wrongful acts and neglect of their officers and agents in the course and within the scope of their employment, upon the same grounds, in the same manner, and to the same extent that natural persons are liable for the wrongs and negligence of their servants and agents. Angel & Ames on Corp., 3d edit., 302. This doctrine proceeds upon the ground that, as an aggregate corporation can only act through the instrumentality of its officers and agents, the act of the agent or officer, in the course of his employment, is the act of the corporation. Ib., 386. Story on Agency, § 16. The corporation is not, however, liable for the unauthorized and unlawful acts of its agents, though done colore officio. Ib., 304. It is equally well established that a corporation is liable for wrongful acts done by its direct command or assent. Angel & Ames, 303, 385, 391, and cases cited in notes.
It follows, therefore, that the demurrer as to the second count was improperly sustained. The judgment *167 will be reversed, and the case be remanded, with leave to the plaintiff to file an amended declaration, presenting the cause of action in a more concise and intelligible form.